Undra SUMLIN *v.* STATE of Arkansas

CR 94-362                                    879 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered July 11, 1994

*Claudell Woods*, for petitioner.

No response.

PER CURIAM. On May 2, 1994, Undra Sumlin filed a pro se motion for rule on the clerk and requested appointment of new counsel. This court then directed Sumlin's current counsel to appear to show cause why he should not be held in contempt for failing to lodge a timely transcript and briefs in the cause on appeal. On May 23, 1994, attorney Claudell Woods appeared pursuant to this court's direction and informed this court that he

had timely filed a notice of appeal in this matter but failed to follow through on the other matters to perfect Sumlin's appeal. Sixteen months now have passed since a notice of appeal was filed.

Mr. Woods further advised this court that he had never requested a transcript be prepared. Woods indicated his willingness to file a petition for a writ of certiorari so the court reporter could prepare the transcript, and he would then file a brief thereafter. He further agreed that he would have these matters achieved within 60 days. This court held the contempt proceedings in abeyance until further action on Woods' part. On June 23, 1994, Woods now has filed an inappropriate motion for belated appeal, and in his motion, states his willingness to file a brief after he has received the transcript. It is obvious the record and Sumlin's brief cannot be prepared and filed within the above-mentioned 60-day period.

Rather than delay this appeal further for the filing of a proper motion, we will treat Mr. Woods' and Sumlin's pro se motion as a request for writ of certiorari which is hereby granted. The court reporter and circuit clerk are directed to prepare the transcript for filing in this case within forty-five days. Sumlin's request for new counsel is also granted as we are hereby dismissing Mr. Woods from further responsibility in this appeal.

No further hearings will be conducted in Mr. Woods' proceeding, but we refer this matter to the Professional Conduct Committee for further review and appropriate action.